IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; CENGAGE LEARNING, INC.; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KHALED HASAN; NASIMA AKHTER; ANIL KUMAR; RAJIV KUMAR; KOUROS SHAHIDI GHAMSARI; ANK EXIM LLC; AURUM AMB LLC; IIZ FORWARDING LLC; WESTPVTLTD LLC; and DOES 1–50,<br><br>Defendants. | **Civil Action No.**<br><br>[~~PROPOSED~~] MODIFIED *EX PARTE* ORDER FOR:<br><br>1) TEMPORARY RESTRAINING ORDER AND ORDER TO RESTRAIN ASSETS;<br>2) ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION;<br>3) ORDER TO SEIZE OR IMPOUND GOODS;<br>4) EXPEDITED DISCOVERY ORDER; AND<br>5) ORDER AUTHORIZING ALTERNATE SERVICE BY ELECTRONIC MAIL |

Plaintiffs Pearson Education, Inc. ("Pearson"), Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning ("Macmillan Learning"), Cengage Learning, Inc. ("Cengage"), Elsevier Inc. ("Elsevier"), and McGraw Hill LLC ("McGraw Hill") (collectively, the "Publishers"), and Macmillan Holdings, LLC ("Macmillan Holdings") and Elsevier B.V. (collectively, with the Publishers, "Plaintiffs") have moved *ex parte* against Defendants Khaled Hasan, Nasima Akhter, Anil Kumar, Rajiv Kumar, Kouros Shahidi Ghamsari, ANK EXIM LLC; AURUM AMB LLC, IIZ FORWARDING LLC, WESTPVTLTD LLC, and Does 1–50 (collectively, "Defendants"), for a Temporary Restraining Order and Order to Restrain Assets, Order to Show Cause for a Preliminary Injunction, Order to Seize or Impound Goods, Expedited Discovery Order, and Order Authorizing Alternate Service By Electronic Mail (the "Application").

1

Plaintiffs so move the Court on the basis that Defendants are distributing unauthorized, counterfeit copies of the Publishers' copyrighted textbooks that bear identical or substantially indistinguishable reproductions of the registered trademarks of Plaintiffs Pearson, Cengage, Elsevier, Elsevier B.V., Macmillan Holdings, and McGraw Hill ("Trademark Plaintiffs"). Plaintiffs allege that these distributions occur through importations, sales on online storefronts Defendants own and/or operate on online marketplaces ("Online Storefronts"), including Amazon.com, Abebooks.com, and eBay.com ("Online Marketplaces"), and sales on "buyback portals" operated by several national textbook distributors ("National Distributors").

The Court having reviewed the Complaint, the Memorandum of Law filed in support of the Application, the declarations filed in support of the Application, and the entire record herein, and having issued a prior *Ex Parte* Order dated August 17, 2023 at 4:30 p.m. ("August 17, 2023 *Ex Parte* Order"), **GRANTS** the Application and makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS AND CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over Defendants under Section 302(a) of the New York Civil Practice Law and Rules ("C.P.L.R.") on the grounds that Defendants: (i) own and/operate highly interactive online storefronts on highly interactive websites that are continuously accessible to and sell and deliver goods to consumers in New York, including copies of the Publishers' textbooks that are listed in in Exhibit A to the Complaint, which is attached hereto as Appendix A (the "Authentic Works"); (ii) have sold copies of the Publishers' textbooks to New York consumers, including copies of the Authentic Works; (iii) have engaged in the importation of textbooks into the Port of New York and New Jersey and/or by air into New York, including copies of certain Authentic Works; and/or (iv) have committed tortious acts in New York by the above-described conduct or caused injury to Plaintiffs in New York.

2. As a result of Defendants' distribution of counterfeit copies of the Authentic Works ("Counterfeit Textbooks") in the United States, (i) the Publishers are likely to succeed in showing that Defendants have infringed and are continuing to infringe the federally registered copyrights in the Authentic Works the Publishers own or exclusively control, including through sales to National Distributors and on at least the following Online Storefronts: 1) Prowisdombooks on Amazon.com; 2) geniuswindow on eBay.com; 3) ncbooks on eBay.com; 4) QUEVECK on Abebooks.com; 5) extravision on Amazon.com; 6) my favourite book store on Amazon.com; and 7) padid798 on eBay.com; and (ii) the Trademark Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe the federally registered trademarks of which the Trademark Plaintiffs are the owners and/or registrants, as defined in 15 U.S.C. § 1127 (the "Marks"), including by using counterfeit reproductions of the Marks, as defined in 15 U.S.C. § 1127, in commerce in connection with the sale, offering for sale, and/or distribution of Counterfeit Textbooks.

3. The continued sale and distribution of the Counterfeit Textbooks, and the infringing reproductions of the Marks in connection therewith, will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

4. The balance of potential harm to Defendants, if any, by being prevented from continuing to profit from infringing activities if a temporary restraining order is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with the Publishers' copyrights and the Marks if a temporary restraining order is not issued.

5. Public interest favors issuance of a temporary restraining order in order to protect Plaintiffs' interests in their intellectual property rights and to protect the public from the harm caused by Defendants' activity at issue in this case, including the potential that consumers will be

confused and deceived into believing, incorrectly, that they are purchasing authentic copies of the Publisher's textbooks.

6. Based on the evidence presented concerning the nature and extent of Defendants' counterfeiting activities, their efforts to conceal their identities and Counterfeit Textbook sales, and the actions of other counterfeiters in the comparable position of Defendants, if Defendants (other than Defendant Hasan, who has already received notice as explained in paragraph 10 below) are given notice of the Application prior to the time set forth below, they are likely to secrete, conceal, transfer, or otherwise dispose of the Counterfeit Textbooks, the business records relating to their distribution of the Counterfeit Textbooks, and the proceeds from their sales of the Counterfeit Textbooks, thus causing a loss of evidence and assets in this case and frustrating Plaintiffs' ability to obtain the final relief they seek.

7. The requested expedited discovery will assist Plaintiffs to determine the true identities and locations of the Doe Defendants and obtain the information necessary to effectuate the asset freeze, as set forth below.

8. Service upon the Doe Defendants by electronic mail to the email addresses they have used to conduct business on online "buyback portals" operated by the National Distributors (through which account holders can sell textbooks to the National Distributors) is reasonably calculated to provide the Doe Defendants with actual notice of Plaintiffs' claims.

9. Plaintiffs have satisfied the statutory criteria under 15 U.S.C. § 1116(d)(4)(B) that must be met before the Court may grant an *ex parte* order of seizure. Based on the evidence that Plaintiffs have put forth concerning Defendants' counterfeiting activities in this case, the Court finds that it clearly appears from specific facts that:

4

   a. An order other than an *ex parte* seizure order, as detailed below, is not adequate to achieve the purposes of 15 U.S.C. § 1114;

   b. Plaintiffs have not publicized the requested seizure;

   c. As set forth in paragraph 2 above, Plaintiffs are likely to succeed in showing that Defendants used counterfeit Marks in connection with the sale, offering for sale, and/or distribution of goods or services;

   d. An immediate and irreparably injury will occur if the requested seizure is not ordered;

   e. The Counterfeit Textbooks will be located at the places identified below for the seizure to take place;

   f. The harm to Plaintiffs of denying the application outweighs the harm to the legitimate interests of the persons against whom seizure would be ordered;

   g. As set forth in paragraph 6 above, Defendants or persons acting in concert with them, would destroy, move, hide, or otherwise make the Counterfeit Textbooks inaccessible to the Court if Plaintiffs were to proceed on notice to Defendants; and

   h. Plaintiffs have given reasonable notice under the circumstances to the U.S. Attorney for the Southern District of New York concerning their request for a seizure in the Application.

10. On or about August 21, 2023, Defendant Hasan was given notice of this sealed case by a third-party that had been served with a subpoena pursuant to the Expedited Discovery Order in the August 17, 2023 *Ex Parte* Order. Defendant Hasan appeared at a seizure executed by the United States Marshals on August 22, 2023 at Extra Space Storage, 601 Maynard

5

Crossing Court, Cary, North Carolina 27513 ("August 22, 2023 Seizure") pursuant to the Order to Seize or Impound Goods in the August 17, 2023 *Ex Parte* Order ("August 17, 2023 Seizure Order"). Plaintiffs then provided Defendant Hasan with a copy of the sealed Complaint and the August 17, 2023 *Ex Parte* Order and advised Defendant Hasan to obtain legal counsel.

11. During the August 22, 2023 Seizure, Plaintiffs discovered tens of thousands of textbooks and other written works in nine large storage units rented by Defendant Hasan ("ESS Storage Units"). The ESS Storage Units contain many counterfeit copies of the Publishers' Copyrighted Works. Defendant Hasan has consented to Plaintiffs taking possession of the ESS Storage Units and their contents, including any items sent to, addressed to, or otherwise en route to the ESS Storage Units until and including September 21, 2023. Plaintiffs (and their agents) are in the process of reviewing the contents of the ESS Storage Units in order to identify counterfeits.

12. Plaintiffs have provided U.S. Customs & Border Protection ("CBP") with the August 17, 2023 *Ex Parte* Order, as well as the sealed Complaint in this action. CBP's position is as follows: Pursuant to its independent authority for the border enforcement of intellectual property rights (*e.g.*, 19 U.S.C. § 1526(e), 19 U.S.C. § 1595a(c)(2)(C), 19 U.S.C. § 1499, 15 U.S.C. § 1124, 17 U.S.C. § 602), CBP has agreed to detain goods relating to importations by Defendants, in which the trademark or copyright has been recorded with CBP, for a period of 14 days from August 22, 2023, at the Port of JFK Airport in New York and the Port of Newark, New Jersey (the "Port Seizures"); however, recognizing these enforcement actions are undertaken pursuant to its independent authority noted above, CBP reserves the right in the future to move to quash this Order as it has objections to the interpretation and the applicability of the Lanham Act provision in question and, therefore, does not concede that it is bound to take

action or by the procedure set forth in the August 17, 2023 Seizure Order as it pertains to CBP. Plaintiffs' position is as follows: The Lanham Act, 15 U.S.C. § 1116(d) applies to CBP, including pursuant to 15 U.S.C. § 1116(d)(9), and the August 17, 2023 Seizure Order and this Order are proper with respect to CBP, including as they concern trademarks that are registered with the U.S. Patent and Trademark Office but not separately with CBP. Notwithstanding these respective positions, Plaintiffs and CBP have agreed to meet and confer further on the potential seizure of infringing goods. Accordingly, Plaintiffs seek a brief extension of time, as set forth below, to allow those discussions to proceed, to which CBP has indicated it does not object. For confirmation, CBP reserves all rights and is not conceding any issues by not objecting to the August 17, 2023 *Ex Parte* Order or any amended order at this time, and Plaintiffs reserve all rights and are not conceding any issues by not objecting to the modified provisions of this Order as they pertain to CBP.

## **TEMPORARY RESTRAINING ORDER AND ORDER TO RESTRAIN ASSETS**

**IT IS HEREBY ORDERED**, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of the August 17, 2023 *Ex Parte* Order and/or this Order, are enjoined from:

  a. Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Publishers ("Publishers' Copyrighted Works"), i.e., any copyrighted works published under any of the imprints

7

    identified in Exhibit C to the Complaint, which is attached hereto as Appendix B (the "Imprints"); and

  b. Directly or indirectly infringing any trademark to which any of the Trademark Plaintiffs are the owners and/or registrants under 15 U.S.C. § 1127 ("Trademark Plaintiffs' Marks").

Without limiting the foregoing, this injunction includes:

  c. Directly or indirectly manufacturing copies of or otherwise reproducing the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks;

  d. Directly or indirectly exporting, importing, distributing, selling, offering for sale, advertising, marketing, or promoting counterfeit or pirated copies of the Publishers' Copyrighted Works or the Trademark Plaintiffs' Marks; and

  e. Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in the activities described in paragraphs 1(a)–(d) above;

  2. Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of the August 17, 2023 *Ex Parte* Order and/or this Order, and service providers to Defendants or other non-parties who receive actual notice of the August 17, 2023 *Ex Parte* Order and/or this Order and operate or control accounts holding or receiving money or other assets owned by, related to, connected to, associated with, held by, or transferred in connection with Defendants' Online Storefronts, sales or attempted sales to the National Distributors, or distributions (including importations) of the Publishers' Copyrighted Works ("Defendants' Accounts"), must immediately locate all of Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in

Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of. Defendants' Accounts include, but are not limited to Defendants' Accounts with Online Marketplaces and National Distributors; payment processing services, such as PayPal, Inc. ("Payment Processors"); and banks, savings and loan associations, credit card processing agencies, merchant acquiring banks, cryptocurrency exchanges, and other companies that engage in the processing or transfer of money and/or other assets ("Financial Institutions").

**IT IS FURTHER ORDERED** that Defendants shall preserve copies of all documents, including electronically stored information, relating to any of their sales of Publishers' Copyrighted Works, and all copies of the Publishers' Copyrighted Works and products displaying the Trademark Publishers' Trademarks and shall take all steps necessary to retrieve any such information or products that may have been deleted or disposed of before the entry of the August 17, 2023 *Ex Parte* Order.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until midnight on September 14, 2023.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall no longer apply to any Defendant dismissed from this action.

**IT IS FURTHER ORDERED** that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained non-party may appear and move for the dissolution or modification of the provisions of this Order upon an appropriate evidentiary showing.

<u>**ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**</u>

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants shall appear in Courtroom 14-C of the United States District Court for the Southern District of New York at 500 Pearl Street ~~40 Centre Street~~, New York, New York 10007 on September 14, 2023 at 3PM

a.m./p.m. to show cause why an order should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs' request for a preliminary injunction enjoining Defendants, their respective officers, agents, employees, and attorneys, and all those in active concern or participation with any of them, who receive actual notice of the order, and an asset freeze and seizure order, in a manner similar to the relief provided herein ("Preliminary Injunction"). Plaintiffs seek the Preliminary Injunction, asset freeze, and seizure order pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief.

**IT IS FURTHER ORDERED** that Defendants' answering papers shall be filed and also served upon Plaintiffs' counsel by email to publisher.lawsuit@oandzlaw.com on or before September 8, 2023, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before September 12, 2023.

**IT IS FURTHER ORDERED** that any non-party provided with notice of the August 17, 2023 *Ex Parte* Order and/or this Order for purposes of compliance with its terms shall not disclose in sum or substance the August 17, 2023 *Ex Parte* Order and/or this Order to Defendants, including their officers, agents, employees, and attorneys, or provide Defendants or such persons with notice of this action, until Plaintiffs have filed proof of service of this Order on Defendants on the case docket as provided below. Within two (2) days of service upon all Defendants with this Order, Plaintiffs shall notify non-parties with whom they have provided the August 17, 2023 *Ex Parte* Order and/or this Order and/or sought expedited discovery under the August 17, 2023 *Ex Parte* Order and/or this Order that service upon Defendants has been effected.

## ORDER TO SEIZE OR IMPOUND GOODS

Sufficient cause having been shown, **IT IS HEREBY ORDERED** that, pursuant to 15 U.S.C. § 1116(d), a federal law enforcement officer, such as a United States Marshal, or a state or local law enforcement officer having jurisdiction ("Law Enforcement Official"), as they may be assisted by one or more attorneys, employees, representatives, or agents of Plaintiffs ("Plaintiffs' Agents"), are directed and permitted to search, seize, copy, and sequester at any time, but no later than seven (7) days from the date of this Order, the following items in the possession, custody, or control of, held on behalf of, or destined for the possession, custody, or control (such as in connection with an import-export transaction) of Defendants and those acting in concert with them ("Seizure Defendants") (noting that separate provisions, and not the provisions of this paragraph, apply to CBP as set forth below):

a. All Counterfeit Textbooks;

b. All textbooks or other written works that purport to be copies of the Publishers' Copyrighted Works, in order to allow Plaintiffs to distinguish counterfeit products from genuine products (if any);

c. The means for manufacturing, reproducing, packaging, shipping, or selling Counterfeit Textbooks;

d. All documents, records, invoices, correspondence, electronic messages (including emails, texts, chats, or other forms of electronic messaging), security camera and/or other video footage, voicemails, directories, financial records, payments or records of payments, books of account, computers, mobile phones and other mobile devices, electronic storage media, servers, checks, wire transfers, receipts, sales records, purchase records, bills of lading, or other documentation relating or referring in any manner to the Publishers'

11

Copyrighted Works, whether such information is stored in written or electronic form ("Defendants' Records"); and

e. The packaging or containers in which Counterfeit Textbooks or copies of the Publishers' Copyrighted Works seized to allow Plaintiffs to distinguish Counterfeit Textbooks from genuine products are held, shipped, or otherwise transported (collectively, with the paragraphs (a)–(d) immediately above, "Seized Products").

**IT IS FURTHER ORDERED** that seizures of Seized Products shall occur from the following persons at the following locations during the hours of 8:00 a.m. to 8:00 p.m. Eastern Daylight Time or such other times as the locations at issue may be open for business:

a. From the Seizure Defendants, at Extra Space Storage, 601 Maynard Crossing Court, Cary, North Carolina 27513. At this location, the Seized Products may be identified as items housed in or bound for storage unit(s) rented by Defendant Hasan or any other Defendant or person using the address of 1016 Waterford Forest Circle, Cary, North Carolina 27513, noting that certain Seized Products, as described above, have already been seized pursuant to the August 17, 2023 *Ex Parte* Seizure Order.

b. From the Seizure Defendants, in addition to the location specified in the paragraph immediately above, at any location within any judicial district in which Counterfeit Textbooks are stored, manufactured, imported, distributed, offered for sale, and/or sold, including any office, warehouse, storage facility, dwelling unit, motor vehicle, or other location in the possession, custody, or

control of any Seizure Defendant (collectively, with the paragraph immediately above, "Seizure Locations").

**IT IS FURTHER ORDERED** that CBP, as it may be assisted by one of Plaintiffs' Agents, is authorized to search, seize, copy, and sequester at any time, but no later than seven (7) days from the date of this Order, Seized Products at the locations described in paragraph 12 of the Factual Findings and Conclusions of Law in connection with the Port Seizures. The foregoing does not limit CBP's authority to seize or detain, at any time, and for any period, other goods related to the Seizure Defendants pursuant to its independent authority described in paragraph 12 of the Factual Findings and Conclusions of Law.

**IT IS FURTHER ORDERED** that Plaintiffs and CBP shall engage in a meet and confer process concerning importations related to the Seizure Defendants, as referenced in paragraph 12 of the Factual Findings and Conclusions of Law. Within fourteen (14) days of this Order, Plaintiffs and CBP have agreed that they will provide the Court with: (1) a stipulated seizure order; (2) a proposed briefing process relating to the issuance of an order applicable to CBP; or (3) a request for additional time to attempt to resolve the matter. In order to maintain the status quo during the process set forth above, CBP has agreed that it will detain all importations of books relating to Defendants from the Port Seizures for a period of not less than thirty days from August 22, 2023 ("Detention Period"). For good cause shown, Plaintiffs may seek an Order from this Court to extend the Detention Period. In the interim, the additional procedures set out below in this Order with respect to delivery of Seized Products to Plaintiffs' counsel do not apply to CBP.

**IT IS FURTHER ORDERED** that Defendants' Records shall be preserved, pending further Order of this Court.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(7), the Seized Products shall be delivered into the custody of Plaintiffs' counsel, Oppenheim + Zebrak, LLP, 461 5th Avenue, 19th Floor, New York, N.Y., 10017, as substitute custodians for the Court, subject to the sealing conditions ordered herein, and which may be held through a third-party vendor engaged by Plaintiffs' counsel for storage purposes. Plaintiffs shall provide an inventory of the Seized Products to the applicable Law Enforcement Official(s) and shall file a document reflecting such information with the Court.

**IT IS FURTHER ORDERED** that, to the extent necessary to effect the seizures authorized herein, Law Enforcement Officials may use such force as may be reasonably necessary to enter any Seizure Locations, including breaking any locks and opening any containers that may contain Seized Products.

**IT IS FURTHER ORDERED** that during the seizures authorized herein, any Seizure Defendant present shall not impede the seizures in any way and, upon request by Law Enforcement Officials, shall provide assistance to identify and locate Seized Products and Defendants' Records.

**IT IS FURTHER ORDERED** that Plaintiffs or Plaintiffs' Agents shall promptly inspect the Seized Products, and if any items are found to be outside the scope of this Order, or if any copies of the Publishers' Copyrighted Works are not determined to be counterfeit, such items are to be returned to Defendants within thirty (30) days of the date the seizure is conducted.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(8), this Order, together with the supporting documents, shall be sealed until Defendants have an opportunity to contest this Order, except that Defendants shall have access to this Order and supporting documents after the seizure has been carried out.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(9), service of a copy of this Order must be made at the Seizure Locations by the Law Enforcement Official(s) conducting the seizure, and only upon such service may the seizure be carried out.

## EXPEDITED DISCOVERY ORDER

Sufficient cause having been shown, **IT IS HEREBY ORDERED** that:

1. Within two (2) days of receiving actual notice of the August 17, 2023 *Ex Parte* Order or this Order, whichever is sooner, Defendants and any individual or entity providing services to Defendants in connection with activities referred to in the Temporary Restraining Order (including but not limited to Online Marketplaces, National Distributors, Payment Processors, Financial Institutions, and Extra Space Storage, as referenced above) shall provide to Plaintiffs' counsel, via email to publisher.lawsuit@oandzlaw.com, written disclosure of the following information:

   a. All names, physical addresses, email addresses, Internet Protocol ("IP") addresses, and account numbers or similar identifiers ("Identification Information") associated with Defendants or their accounts with the person or entity providing discovery;

   b. Identification Information for any other online storefronts, buyback portal accounts, or other accounts associated with or related to the accounts identified pursuant to paragraph 1(a) immediately above; and

   c. Identification Information for Defendants' Accounts as defined in paragraph 2 of the Temporary Restraining Order, together with the current balance of each such account.

2.  Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoenas from relevant non-parties, who shall provide within no more than seven (7) days of service of the requests or subpoenas, information regarding the following:

   a. Defendants' inventory of the Publishers' Copyrighted Works, including the relevant title, International Standard Book Number, and the location of such inventory;

   b. Defendants' sales of the Publishers' Copyrighted Works from August 17, 2020 to the present; and

   c. Defendants' activity related to the importing or exporting of the Publishers' Copyrighted Works from August 17, 2020 to the present;

   d. Account statements for Defendants from August 17, 2020 to the present.

3.  Other than as set forth above in the Seizure or Impoundment Order, Plaintiffs may immediately issue expedited discovery requests and/or subpoenas seeking the inspection of the Publishers' Copyrighted Works held in inventory by a Defendant or by a non-party on behalf of or in association with a Defendant. Plaintiffs and Defendants and, if applicable, any non-parties, shall work cooperatively to coordinate the inspection of the Publishers' Copyrighted Works within five (5) business days of Plaintiffs' request.

**ORDER AUTHORIZING ALTERNATE SERVICE BY ELECTRONIC MAIL**

Sufficient cause having been shown, **IT IS HEREBY ORDERED** that:

1.  Pursuant to C.P.L.R. § 308, service of process in this action may be made upon and shall be deemed effective as to the Doe Defendants by email to their email addresses, as identified in Appendix C hereto ("Doe Defendants' Email Addresses").

2.  Plaintiffs may carry out alternate service of process as ordered herein by providing Defendants with a link to a File Transfer Protocol ("FTP") or other type of secure file-transmittal

site to access PDF copies of: (i) the Summons and Complaint; (ii) this Order; and (iii) all papers filed in support of Plaintiffs' Application.

3.	Plaintiffs shall provide Defendants with notice of this Order, along with Plaintiffs' papers in support of the Application, to the Doe Defendants' Email Addresses within five (5) days of disclosure of all discovery sought concerning Defendants' Accounts with Payment Processors and Financial Institutions as provided in the above Expedited Discovery Order, but in no event later than September 5, 2023. Plaintiffs shall file proof of such service on the case docket within two (2) days of making such service.

4.	Plaintiffs may also serve Defendants with other papers in this case by email to the Doe Defendants' Email Addresses.

**SO ORDERED** this the 28 day of August 2023 at 1:45 PM.

_____
UNITED STATES DISTRICT JUDGE

17