IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN HOLDINGS, LLC; CENGAGE LEARNING, INC.; ELSEVIER INC.; ELSEVIER B.V.; and MCGRAW HILL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KHALED HASAN; NASIMA AKHTER; ANK EXIM LLC; AURUM AMB LLC; IIZ FORWARDING LLC; WESTPVTLTD LLC; and DOES 1–50,<br><br>Defendants. | Civil Action No. 23-cv-07284 (PAC)<br><br>[~~PROPOSED~~] ORDER TO SEIZE GOODS AND TO COMPEL CUSTOMS AND BORDER PROTECTION TO CARRY OUT SUCH SEIZURE UNLESS CARRIED OUT BY OTHER LAW ENFORCEMENT OFFICIALS |

Plaintiffs Pearson Education, Inc. ("Pearson"), Cengage Learning, Inc. ("Cengage"), McGraw Hill LLC ("McGraw Hill"), Macmillan Holdings, LLC ("Macmillan Holdings"), Elsevier Inc., and Elsevier B.V. (with Elsevier Inc., "Elsevier") (collectively, the "Trademark Plaintiffs"), have moved *ex parte* against Defendants Khaled Hasan, Nasima Akhter, ANK EXIM LLC; AURUM AMB LLC, IIZ FORWARDING LLC, WESTPVTLTD LLC, and Does 1–50 (collectively, "Defendants"), for an order to seize goods and to compel U.S. Customs and Border Protection ("CBP") to carry out such seizure (the "Application"). The Trademark Plaintiffs so move the Court on the basis that Defendants are importing and selling unauthorized, counterfeit copies of textbooks that bear identical or substantially indistinguishable reproductions of the registered trademarks of the Trademark Plaintiffs ("Counterfeit Textbooks") and that CBP has refused to carry out a prior seizure order contained in the Court's August 17, 2023 *Ex Parte* Order

1

(ECF No. 14) ("*Ex Parte* Order"), which included, in addition to the seizure provision, a Temporary Restraining Order. On August 28, 2023, the Court issued a Modified *Ex Parte* Order, ECF No. 26 ("Modified *Ex Parte* Order"), which included both a temporary restraining order and a seizure order, which seizure order CBP again refused to carry out and which expired on September 4, 2023. On September 27, 2023, CBP released a shipment previously linked to Defendants an ordered to be detained to the then-listed importer (the "Released Shipment").

The Court, having reviewed the Complaint, Plaintiffs' and CBP's papers filed in connection with the Application, Plaintiffs' papers filed in support of the *Ex Parte* Order and the Modified *Ex Parte* Order, and the entire record herein, hereby **GRANTS** the Application and makes the following findings of fact and conclusions of law:

### FACTUAL FINDINGS AND CONCLUSIONS OF LAW

1. As a result of Defendants' distribution of the Counterfeit Textbooks in the United States, the Trademark Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe the federally registered trademarks of which the Trademark Plaintiffs are the owners and/or registrants under 15 U.S.C. § 1127 (the "Marks"), including by using counterfeit reproductions of the Marks in commerce in connection with the sale, offering for sale, and/or distribution of Counterfeit Textbooks.

2. The continued sale and distribution of the Counterfeit Textbooks, and the infringing reproductions of the Marks in connection therewith, will result in immediate and irreparable injury to the Trademark Plaintiffs if the requested relief is not granted.

3. Based on the evidence presented concerning the nature and extent of Defendants' counterfeiting activities, their efforts to conceal their identities and Counterfeit Textbook sales, and the actions of other counterfeiters in the comparable position of Defendants, if Defendants are given notice of the Application prior to the time set forth below, they are likely to secrete, conceal,

transfer, or otherwise dispose of the Counterfeit Textbooks and the business records relating to their distribution of the Counterfeit Textbooks, thus causing a loss of evidence in this case and frustrating the Trademark Plaintiffs' ability to obtain the final relief they seek.

4. The Trademark Plaintiffs have satisfied the statutory criteria under 15 U.S.C. § 1116(d)(4)(B) that must be met before the Court may grant an *ex parte* order of seizure. Based on the evidence that Plaintiffs have put forth concerning Defendants' counterfeiting activities in this case, the Court finds that it clearly appears from specific facts that:

   a. An order other than an *ex parte* seizure order, as detailed below, is not adequate to achieve the purposes of 15 U.S.C. § 1114;

   b. The Trademark Plaintiffs have not publicized the requested seizure;

   c. As set forth in Paragraph 1 above, Plaintiffs are likely to succeed in showing that Defendants used counterfeit Marks in connection with the sale, offering for sale, and/or distribution of goods or services;

   d. An immediate and irreparably injury will occur if the requested seizure is not ordered;

   e. The Counterfeit Textbooks will be located at the places identified below for the seizure to take place;

   f. The harm to the Trademark Plaintiffs of denying the application outweighs the harm to the legitimate interests of the persons against whom seizure would be ordered;

   g. As set forth in Paragraph 3 above, Defendants or persons acting in concert with them, would destroy, move, hide, or otherwise make the Counterfeit

Textbooks inaccessible to the Court if the Trademark Plaintiffs were to proceed on notice to Defendants; and

h. The Trademark Plaintiffs have given reasonable notice under the circumstances to the U.S. Attorney for the Southern District of New York concerning their request for a seizure in the Application.

## ORDER TO SEIZE GOODS

Sufficient cause having been shown, **IT IS HEREBY ORDERED** that, pursuant to 15 U.S.C. § 1116(d), one or more federal law enforcement officers, such as a United States Marshal or an officer or agent of the United States Customs Service, or a state or local law enforcement officer having jurisdiction ("Law Enforcement Officials"), as such Law Enforcement Officials may be assisted by one or more attorneys, employees, representatives, or agents of the Trademark Plaintiffs ("Plaintiffs' Agents"), are directed and permitted to search, seize, copy, and sequester at any time, but no later than seven (7) days from the date of this Order, the following items in the possession, custody, or control of, held on behalf of, or destined for the possession, custody, or control (such as in connection with an import-export transaction) of Defendants and those acting in concert with them ("Seizure Defendants"):

  a. All textbooks or other written works that purport to that bear identical or substantially indistinguishable reproductions of the trademarks of the Trademark Plaintiffs, in order to allow Plaintiffs to distinguish Counterfeit Textbooks from genuine products (if any);

  b. The contents of the five shipments that are currently being detained by CBP as described in Plaintiffs' and CBP's papers filed in connection with the Application (together, with the textbooks or other written works described in section (a) immediately above, "the Seized Goods");

  c. The means for manufacturing, reproducing, packaging, shipping, or selling the Seized Goods;

  d. All documents, records, invoices, correspondence, electronic messages (including emails, texts, chats, or other forms of electronic messaging), security camera and/or other video footage, voicemails, directories, financial records, payments or records of payments, books of account, computers, mobile phones and other mobile devices, electronic storage media, servers, checks, wire transfers, receipts, sales records, purchase records, bills of lading, or other documentation relating or referring in any manner to the Seized Goods, whether such information is stored in written or electronic form ("Defendants' Records"); and

  e. The packaging or containers in which the Seized Goods are or have been contained, held, shipped, or otherwise transported (collectively, with the paragraphs (a)–(d) immediately above, "Seized Products").

**IT IS FURTHER ORDERED** that seizures of Seized Products shall occur from the following persons at the following locations during the hours of 8:00 a.m. to 8:00 p.m. Eastern Daylight Time or such other times as the locations at issue may be open for business: From the Seizure Defendants, at the Port of New York/Newark, New Jersey, CBP Port of Entry location (Port Code 4601), 1210 Corbin Street Elizabeth, New Jersey 07201, John F. Kennedy International Airport, and any such other Ports of Entry or locations as CBP or the Port Authority of New York and New Jersey may identify in connection with seizures specified herein, including, without limitation, East Coast Warehouse, 1150 Polaris Street, Elizabeth, New Jersey 07201; H&M Warehouse 700 Belleville Turnpike, Kearny, NJ 07032; and U.S. Customs & Border Protection

Building 77, JFK International Airport, Jamaica, New York, 11430. From the Seizure Defendants, at 3061 Elmwood Drive, Henderson, Kentucky; 18-26 41st street, Astoria, NY; 655 Broad Street, 14th floor, Newark, NJ 07102; 591 West Putnam Avenue, Greenwich, CT 06830; ~~or any other location where information reasonably suggests the Released Shipment may be located~~. At these locations, the Seized Products may be identified by shipments of books (which are likely to be described in import-export records as "printed books," "textbooks," or the equivalent) from India to a Defendant, who is likely to listed in such records as the foreign buyer, consignee, "ship to" contact, or the equivalent.

*PAC — Without prejudice for leave to amend pending more definite information.*

**IT IS FURTHER ORDERED** that Defendants' Records shall be preserved, pending further Order of this Court.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(7), the Seized Products shall be delivered into the custody of the Trademark Plaintiffs' counsel, Oppenheim + Zebrak, LLP, 461 5th Avenue, 19th Floor, New York, N.Y. 10017, as substitute custodians for the Court, subject to the sealing conditions ordered herein, and which may be held through a third-party vendor engaged by the Trademark Plaintiffs' counsel for storage purposes. The Trademark Plaintiffs shall provide an inventory of the Seized Products to the applicable Law Enforcement Official(s) and shall file a document reflecting such information with the Court.

**IT IS FURTHER ORDERED** that, to the extent necessary to effect the seizures authorized herein, Law Enforcement Officials may use such force as may be reasonably necessary to enter any Seizure Locations, including breaking any locks and opening any containers that may contain Seized Products.

**IT IS FURTHER ORDERED** that during the seizures authorized herein, any Seizure Defendant present shall not impede the seizures in any way and, upon request by Law Enforcement Officials, shall provide assistance to identify and locate Seized Products and Defendants' Records.

**IT IS FURTHER ORDERED** that anyone interfering with the execution of this Order is subject to arrest by United States Marshals and/or their representatives.

**IT IS FURTHER ORDERED** that the Trademark Plaintiffs or Plaintiffs' Agents shall promptly inspect the Seized Products, and if any items are found to be outside the scope of this Order, or if any copies of textbooks seized are not determined to be counterfeit, such items are to be returned to Defendants within thirty (30) days of the date the seizure is conducted.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(8), this Order, together with the supporting documents, shall be sealed until Defendants have an opportunity to contest this Order, except that Defendants shall have access to this Order and supporting documents after the seizure has been carried out.

**IT IS FURTHER ORDERED** that, in accordance with this Order, Plaintiffs shall post security in the total amount of $10,000.00, by corporate security bond or such other method of payment permitted by the Court, to provide security for the payment of such costs and damages as may be incurred or suffered by any party who was found to be wrongfully restrained or whose goods or records were wrongfully seized.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(9), service of a copy of this Order must be made at the Seizure Locations by the Law Enforcement Official(s) conducting the seizure, and only upon such service may the seizure be carried out.

**IT IS FURTHER ORDERED** that, as the Seized Goods are located at a CBP Port of Entry and/or warehouses maintained by CBP, CBP is hereby ordered to serve a copy of this Order and conduct the seizure required by this Order in accordance with the terms herein, unless the service and seizure is instead conducted by the United States Marshals Service or other appropriate Law Enforcement Official(s), in which case CBP shall not prevent the United States Marshals Service or other appropriate Law Enforcement Official(s) from conducting the seizure.

**IT IS FURTHER ORDERED** that CBP shall provide the Trademark Plaintiffs with notice when any shipments of textbooks (which are likely to be described in import-export records as "printed books," "textbooks," or the equivalent) from India to a Defendant (who is likely to be listed in import-export records as the foreign buyer, consignee, "ship to" contact, or the equivalent) arrives at a Port of Entry. CBP shall provide such notice within a reasonable time to enable the Trademark Plaintiffs to seek appropriate relief from this Court.

### EXPEDITED DISCOVERY ORDER

Sufficient cause having been shown, **IT IS HEREBY ORDERED** that, upon entry of this order, Plaintiffs may immediately issue expedited discovery requests and/or subpoenas to CBP, including for telephonic depositions, who shall provide within no more than two (2) days of service of the requests or subpoenas, information and/or witnesses to testify telephonically regarding the Released Shipment, including the Released Shipment's location(s) and any individuals or entities who may have information regarding the Released Shipment.

**SO ORDERED** this the 10th day of October 2023.

_____
UNITED STATES DISTRICT JUDGE