# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

PEARSON EDUCATION, INC.; BEDFORD,
FREEMAN & WORTH PUBLISHING
GROUP, LLC D/B/A MACMILLAN
LEARNING; MACMILLAN HOLDINGS,
LLC; CENGAGE LEARNING, INC.;
ELSEVIER INC.; ELSEVIER B.V.;
MCGRAW HILL LLC; AMERICAN
ACADEMY OF PEDIATRICS; AMERICAN
HEART ASSOCIATION, INC.; AMERICAN
PSYCHIATRIC ASSOCIATION;
AMERICAN PSYCHOLOGICAL
ASSOCIATION, INC.; GUILFORD
PUBLICATIONS, INC.; HARPERCOLLINS
PUBLISHERS LLC; THE ZONDERVAN
CORPORATION LLC; JOHN WILEY AND
SONS, INC.; JONES & BARTLETT
LEARNING, LLC; NO STARCH PRESS,
INC.; PENGUIN RANDOM HOUSE LLC;
PENGUIN BOOKS LIMITED COMPANY;
SOURCEBOOKS, LLC; SIMON &
SCHUSTER, INC.; SPRINGER
PUBLISHING COMPANY, LLC; TAYLOR
& FRANCIS GROUP LLC;
W.W. NORTON & COMPANY, INC.;
LIVERIGHT PUBLISHING
CORPORATION; and
WOLTERS KLUWER HEALTH, INC.;

       Plaintiffs,

   v.

KHALED HASAN; NASIMA AKHTER;
ANK EXIM LLC; AURUM AMB LLC; IIZ
FORWARDING LLC; WESTPVTLTD LLC;
PRITAM SINGH, POOJA BISHT, ANKUSH
SHARMA; ANSHOO SHARMA;
PRAVEEN KUMAR SHARMA; ANINDITA
MAHANTA; MOHD KASHIF RASHID;
SAMAN NAAZ; ZYRUS ERETAIL
PRIVATE LIMITED; TWIQ EXPORT PVT
LTD; STOREMATE KART SERVICES PVT
LTD; LIFE OF RILEY PRIVATE LIMITED;

Civil Action No. 23-cv-7284-LAK

LIFE OF RILEY INTERNATIONAL INC.;
POOJA SHARMA; and DOES 1–50;

        Defendants.

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR FIRST MOTION TO AMEND APPENDIX D TO THE DEFAULT JUDGMENT, PERMANENT INJUNCTION, AND POST-JUDGMENT RELIEF ORDER

Plaintiffs Pearson Education, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., Elsevier Inc., McGraw Hill LLC, American Academy of Pediatrics, American Heart Association, Inc., American Psychiatric Association, American Psychological Association, Inc., Guilford Publications, Inc., HarperCollins Publishers LLC, The Zondervan Corporation LLC, John Wiley and Sons, Inc., Jones & Bartlett Learning, LLC, No Starch Press, Inc., Penguin Random House LLC, Sourcebooks, LLC, Simon & Schuster, LLC,[1] Springer Publishing Company, LLC, Taylor & Francis Group LLC, W.W. Norton & Company, Inc., Liveright Publishing Corporation, and Wolters Kluwer Health, Inc. Macmillan Holdings, LLC, Elsevier B.V., and Penguin Books Limited Company (collectively, "Plaintiffs"), hereby respectfully submit this Memorandum of Law in Support of Their First Motion to Amend Appendix D to the Default Judgment, Permanent Injunction, and Post-Judgment Relief Order ("Motion").

## PRELIMINARY STATEMENT

Plaintiffs seek an amendment of the Court's April 22, 2024 Default Judgment, Permanent Injunction, and Post-Judgment Relief Order (ECF No. 170) ("Default Judgment") to incorporate an updated Appendix D ("First Amended Appendix D"), i.e., the appendix that lists the names,

---

[1] On October 30, 2023, Simon & Schuster, LLC became the successor in interest to Simon & Schuster, Inc. *See* Amended 7.1 Corporate Disclosure Statement, ECF No. 105.

company names, online storefronts, aliases, and email addresses Defendants use to sell counterfeit copies of Plaintiffs' copyrighted works.  The First Amended Appendix D adds several names and/or aliases, online storefronts, email addresses, and companies that are owned and/or operated by Defendants, which Defendants used to violate the Default Judgment (the "Additional Information").  Plaintiffs discovered the Additional Information after the entry of the Default Judgment.

The Court has the discretion and authority to amend the Default Judgment, including to reflect updated information in the case and facilitate the effective enforcement of the judgment and the permanent injunction.  Indeed, while Plaintiffs do not seek any changes to the body of the Default Judgment, the First Amended Appendix D is necessary to reflect current information about the Defendants and their ongoing infringement.  While the Defendants have shown their willingness to completely disregard the orders of this Court, the First Amended Appendix D will assist Plaintiffs' efforts to interface with intermediaries in connection with Plaintiffs' efforts to stop such ongoing infringement.[2]

## STATEMENT OF FACTS

On April 22, 2024, this Court entered the Default Judgment in favor of Plaintiffs and against Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with any of them, which permanently enjoined Defendants from, *inter alia*, directly or indirectly infringing the copyrights and trademarks owned or exclusively controlled by any of the Plaintiffs.  *See* Default Judgment at 8–9.  On April 25, 2024, Plaintiffs caused the Defendants to be served with the Default Judgment.  *See* Declaration of Danae Tinelli ¶ 3 ("Atty.

---

[2] By this Motion, Plaintiffs do not waive any argument that the Default Judgment already enjoins infringing activity using the Additional Information or that intermediaries who have received notice of the Default Judgment but are continuing to support the Defendants are in active concert or participation with the Defendants at issue.

Decl.") (filed herewith).

Despite the Default Judgment, the Defendants at issue continue to export from India and import into the United States counterfeit copies of the Publishers' works bearing unauthorized copies of Plaintiffs' trademarks.  Atty. Decl. ¶ 4.  While enforcing the Default Judgment to stop such activities, Plaintiffs have discovered new names, aliases, and email addresses these Defendants are using in connection with their unlawful activities.  *Id.*  Plaintiffs discovered this information from intermediaries working with Defendants, business records, and import-export records, and such evidence establishes that the Defendants have continued to engage in counterfeiting.  *Id.*

Plaintiffs discovered through import-export records that the Defendants identified as part of Group 2 in the Default Judgment ("Group 2 Defendants") have used two newly identified companies to export over 7,000 copies of counterfeit books from India and import them into the United States.  *Id.* ¶ 5.  The first company is called Vozana Homes (OPC) Private Limited ("Vozana").  *Id.*  The Indian Ministry of Corporate Affairs records for Vozana lists Vrinda Sharma as a director.  *Id.*  Vrinda Sharma was also a director of named defendant Life of Riley Private Limited and is listed in Appendix D to the Default Judgment ("Original Appendix D").  *Id.*  Vozana made multiple shipments of books from India to a logistics company in California.  *Id.*  The second company is Valeo Enterprises ("Valeo").  Import-export records show that Valeo also shipped books from India to the same logistics company in California.  *Id.*  That logistics company has informed Plaintiffs that all of the services it provided related to the books shipped by Vozana and Valeo were paid for by a California-registered company called Linger Stacy LLC ("Linger Stacy").  *Id.* ¶ 7.  To make those payments, Linger Stacy provided the logistics company with copies of passports or identification cards belonging to Pooja Sharma, a named defendant, as well as Praveen

Kumar and Vrinda Sharma, both identified in Original Appendix D. *Id.* A third, newly identified individual, Dheeraj Kumar Sahu, also provided an identification card to the logistics company. *Id.* Linger Stacy communicated with third parties to ship and store the counterfeit books they have imported using the names Raghunathan Kalyanam and Deepak Deepak and email addresses backgreen39@gmail.com, opsblikgreen@gmail.com, and prkcentraldistributors@gmail.com. *Id.* Plaintiffs inspected a sample of books shipped to the logistics company by Vozana and Valeo, services for which Linger Stacy paid, and determined that they are all counterfeit. *Id.*

Plaintiffs also discovered new online storefronts used by Group 2 Defendants to sell counterfeit books on Walmart.com. The storefront DUDKIHOMES lists as its business name Leather Ceatra (OPC) Private Limited, an Indian company with directors Raghav Sharma, Ramesh Chand Sharma, and Vidushi Sharma, who are also directors of named defendant Life of Riley Private Limited and are listed in Original Appendix D. *Id.* ¶ 9. The storefront SYM Home & Kitchen (formerly called Books Wagon Shop) uses the same return address as DUDKIHOMES. *Id.* New contact information connected to these Walmart storefronts, including email addresses and aliases, have been added to First Amended Appendix D.

Plaintiffs also found several online storefronts on Walmart.com used by Defendants identified in Group 1 in the Default Judgment ("Group 1 Defendants"). *Id.* ¶ 10. One storefront is called TOPCLASS, an alias identified in Original Appendix D. *Id.* Moreover, the TOPCLASS storefront lists its business name as STOREMATE KART SERVICES PVT LTD, a named Defendant, and its business address is the same address used by Defendants for the Payoneer account ending in 2192 and the PayPal accounts ending in 1305 and 9064, all of which are identified in Appendix E to the Default Judgment. *Id.* Similarly, Fortune Empire's business name TWIQ EXPORT PRIVATE LIMITED is a named defendant in this case, and Fortune Empire's

business address is the same address used by Defendants for the PayPal account ending in 5345, which is identified in Appendix E to the Default Judgment. *Id.* The online storefront SUPERZEST's business name is SUPERZEST SOLUTIONS, the same as an infringing storefront identified in Original Appendix D, and its business address is the same address used by Defendants for the Payoneer account ending in 5684, which is also identified in Appendix E to the Default Judgment. *Id.* The storefronts CONNET TO ONLINE and SUPER TRADE SERVICE both share the same return address as the storefront SUPERZEST. *Id.* New contact information connected to these Walmart storefronts, including email addresses and aliases, which were not included in Original Appendix D have been added to First Amended Appendix D.

## **ARGUMENT**

There is no question that the Court has the authority to amend the Default Judgment to incorporate the First Amended Appendix D. It is "well established that a district court has the power, in the exercise of its discretion, to modify its past injunctive decrees to accommodate changed circumstances." *Davis v. New York City Hous. Auth.*, 278 F.3d 64, 88 (2d Cir. 2002); *see also Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, No. 14-CV-585 (AJN), 2017 WL 3605583, at *4 (S.D.N.Y. July 26, 2017); Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2961 (3d ed. 2016) ("Inasmuch as an injunctive decree is drafted in light of what the court believes will be the future course of events, a court must continually be willing to redraft the order at the request of the party who obtained equitable relief in order to ensure that the decree accomplishes its intended result.") (footnote citation omitted). In particular, courts may modify injunctions to reflect updated information in the case or preserve the status quo. *See Philip Morris USA, Inc. v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 244 (S.D.N.Y. 2004) ("[W]here, as here, it is not the enjoined party that seeks relief from an injunction but the injunction's beneficiary that seeks

to enforce it more effectively, equity countenances the modification of a injunctive decree if a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes."); *see also Pearson Education, Inc. et al. v. Najji et al.,* No. 21-cv-3486-RA, September 30, 2024 Order (ECF No. 113) (granting plaintiffs' first motion to amend injunction to add new domains owned and/or operated by defendants to distribute unauthorized copies of plaintiffs' works) (attached as Ex. X to Atty. Decl.); *Bedford, Freeman & Worth Publishing Group, LLC et al. v. Nguyen et al.*, No. 19-cv-10524-LAK, March 15, 2023 Order (ECF No. 149) (same) (attached as Ex. X to Atty. Decl.); *Chanel, Inc. v. Jianghong Wang,* No.,, No. 17-CV-62136-BB, 2018 WL 7048130 (S.D. Fla. Sept. 27, 2018) (order granting plaintiff's motion to amend the fourth amended final judgment and permanent injunction to add new domain names operated by defendant). Additionally, the Court has jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of the Default Judgment. *See* ECF No. 170 at 11.

The Defendants at issue continue to ignore the Court's authority and are violating the Default Judgment by importing counterfeit books from India into the United States for distribution through online storefronts. Defendants have used new names, aliases, companies, online storefronts, and email addresses to do so, much like they used the names, aliases, companies, online storefronts, and emails listed in the Original Appendix D to the Default Judgment to operate their counterfeiting ring. The First Amended Appendix D adds the Additional Information, which will allow Plaintiffs to continue enforcing the Default Judgment. Accordingly, the First Amended Appendix D is necessary to ensure that Plaintiffs obtain the relief intended by the Default Judgment, i.e., an order that prevents ongoing counterfeiting by Defendants and prevents further irreparable harm to Plaintiffs.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Amend Appendix D to the Default Judgment, Permanent Injunction, and Post-Judgment Relief Order.

Dated: January 16, 2025

Respectfully submitted,

*/s/ Danae Tinelli*
Matthew J. Oppenheim
Michele H. Murphy (*pro hac vice*)
Corey Miller
Danae Tinelli
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Phone: (202) 480-2999
corey@oandzlaw.com
matt@oandzlaw.com
michele@oandzlaw.com
danae@oandzlaw.com

Daryl L. Kleiman
**OPPENHEIM + ZEBRAK, LLP**
461 5th Avenue, Floor 19
New York, NY 10017
Phone: (212) 951-1156
dkleiman@oandzlaw.com

*Counsel for Plaintiffs*